IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-25-BR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSEPH CHRISTOPHER BOYDEN | ) | |

This matter is before the court on defendant's *pro se* motion for reconsideration of the court's 22 December 2020 order allowing his motion to modify his sentence. (DE # 133.)

In 2011, defendant pled guilty to two counts of Hobbs Act robbery (and aiding and abetting the same) and two counts of using and carrying a firearm during and in relation to a crime of violence and possessing a firearm in furtherance of a crime of violence (and aiding and abetting the same) in violation of 18 U.S.C. §§ 2 and 924(c). The court sentenced him to a total term of 300 months imprisonment.

In July 2020, defendant filed *pro se* a motion for modification of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The court appointed counsel to represent him for purposes of the motion. In December 2020, the court allowed that motion and, consistent with current § 924(c) sentencing law and to account for a downward departure, reduced defendant's sentence on his second § 924(c) count to 60 months imprisonment, resulting in a total term of 221 months. (12/22/20 Order, DE # 130, at 5.)

Defendant requests that the court reconsider this ruling and reduce his sentence further "to better reflect the original nature of [his] overall sentence reduction pursuant to the" downward departure motion the government filed in conjunction with his sentencing. (Mot., DE # 133, at 1.) Defendant argues that the court should reduce his sentence by an additional 38

months, for a total term of 183 months, to better reflect the intent of the government's downward departure motion, (see id. at 3-4), and that such a reduction would satisfy the relevant 18 U.S.C. § 3553(a) factors, (see id. at 4-6).

When the court recently considered reducing defendant's sentence, it recognized that at sentencing, on the second 924(c) count, defendant "faced a mandatory minimum 25-year consecutive term of imprisonment." (12/22/20 Order, DE # 130, at 4 (citations omitted).) It further recognized that at sentencing and on the government's motion for downward departure, the court imposed a consecutive sentence of 139 months on this count, representing approximately one half of the mandatory minimum term. (Id.) Incidentally, that amount was lower than what the government requested. (See Mot., DE # 63, ¶ 3.)

In determining the appropriate reduction to defendant's sentence under § 3582(c)(1)(A)(i), the court applied a similar reduction, i.e., 50%, of what defendant's punishment on the second 924(c) count would be under current law. (See 12/22/20 Order, DE # 130, at 5.) Today, defendant would be subject to a 120-month mandatory minimum consecutive term on the second § 924(c) count. (Id. at 4.) Departing 50% from that term results in 60 months (consecutive), and when combined with the previously imposed terms, is a total term of 221 months imprisonment. (Id. at 5 n.3.) This rationale is consistent with the court's original intent at sentencing and represents an appropriate sentence considering all the circumstances.

Accordingly, defendant's motion for reconsideration is DENIED.

This 4 February 2021.

_____
W. Earl Britt
Senior U.S. District Judge