IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-25-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSEPH CHRISTOPHER BOYDEN | ) | |

This matter is before the court on defendant's *pro se* "emergency" motion for compassionate release. (DE # 162.)

In 2011, defendant pled guilty to two counts of Hobbs Act robbery (and aiding and abetting the same) in violation of 18 U.S.C. §§ 2 and 1951 and two counts of using and carrying a firearm during and in relation to a crime of violence (and aiding and abetting the same) in violation of 18 U.S.C. §§ 2 and 924(c). The court sentenced him to 41 months imprisonment on each of the robbery counts, to run concurrently; 120 months imprisonment on the first § 924(c) count, to run consecutively; and, 139 months imprisonment on the second § 924(c) count, to run consecutively to all other counts, for a total term of 300 months imprisonment.

In July 2020, defendant filed *pro se* an initial motion for modification of his sentence pursuant to § 3582(c)(1)(A)(i), requesting that the court reduce his sentence to no more than 180 months imprisonment. The court appointed counsel to represent him for purposes of the motion. Based on the changes in § 924(c) sentencing law, the court reduced his term of imprisonment on the second § 924(c) count to 60 months, resulting in a total term of 221 months. (12/22/20 Order, DE # 130.) Not satisfied with that approximate six-and-one-half year reduction, defendant filed a motion for reconsideration and requested that the court reduce his sentence by

an additional 38 months. The court declined to reconsider its decision. (2/4/21 Order, DE # 136.)

About five months later, defendant filed *pro se* a second motion for a sentence reduction under § 3582(c)(1)(A)(i). After appointed counsel moved to withdrew from representation and briefing concluded, defendant filed a motion to withdraw his second motion. The court allowed the withdrawal of defendant's motion. (11/10/21 Text Order.)

Nearly three months later, defendant filed the instant motion. In a letter accompanying the motion, defendant states he wants to proceed *pro se* on the motion. (DE # 162-10.) The government filed a response in opposition to the motion, (DE # 165), and in response to the court's order, filed defendant's sentence computation and inmate discipline data, (DE # 164). Defendant filed a reply. (See DE # 167.)

In essence, defendant seeks a reduction in his sentence to time served, with a special condition of supervised release that he serve the remainder of the term of imprisonment on home detention. (See Mot., DE # 162, at 19; Reply, DE # 167, at 4.) He again seeks a reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ,

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

> after considering the factors set forth in section 3553(a) to the extent
> that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute.[2]  United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted) (emphasis added).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner."

United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (citing 18 U.S.C. § 3553(a)).

Defendant argues that the following reasons are extraordinary and compelling such that another reduction in his sentence is warranted: (1) his uncle's death and upcoming funeral; (2) the decision in Dean v. United States, 137 S. Ct. 1170 (2017); (3) his being subjected to two

---

[2] The policy statement contained in U.S.S.G. § 1B1.13 "addresses only BOP-filed motions." United States v. High, 997 F.3d 181, 186 (2021). Nonetheless, it "'remains helpful guidance even when motions are filed by defendants.'" Id. (quoting McCoy, 981 F.3d at 282 n.7). Relevant here, "[w]ith respect to medical conditions, [extraordinary and compelling] reasons include that 'the defendant is suffering from a terminal illness' or 'the defendant is . . . suffering from a serious physical or medical condition.'" Id. (quoting U.S.S.G. § 1B1.13 cmt. 1(A)(i), (ii)) (alterations omitted). Extraordinary and compelling reasons also include "family circumstances," i.e., "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13 cmt. 1(C).

3

years of lockdowns while incarcerated; and (4) the risks from COVID-19. (Mot., DE # 162, at 1.) Also, he contends that the § 3553(a) factors weigh strongly in favor of a reduction. (See id. at 11-18; Reply, DE # 167, at 2-3.)

The government opposes any further reduction in defendant's sentence. It argues that the grounds on which defendant relies are not extraordinary and compelling reasons justifying his immediate release. (See Resp., DE # 165, at 13-14.) Also, it contends the § 3553(a) factors weigh against reducing his sentence.[3] (Id. at 14-16.)

First, defendant cites to the unexpected death of his uncle, a veteran, who will buried at the beginning of May. (Mot., DE # 162, at 3-4.) Defendant, who is also a veteran, seeks to be released so he may attend the ceremony at Arlington National Cemetery honoring his uncle's service to this country. (Id. at 4, 19.)

Next, defendant relies on the Court's decision in Dean. There, the Court recognized that a sentencing court may consider the mandatory minimum sentence under § 924(c) when determining the appropriate sentence to impose for the underlying predicate offense. Dean, 137 S. Ct. at 1178. According to defendant, had this decision "been foreseen" at the time of his sentencing, "it would have been highly likely that his lawyer would have known about this decision and would have asked the [undersigned] to consider it . . . ." (Mot., DE # 162, at 5-6.) On this basis, defendant urges the court to reduce his sentence of imprisonment on the Hobbs Act robbery counts to one day. (See id. at 6, 11-12, 16, 19.) The court notes that it does not independently recall the specifics of defendant's sentencing, and the transcript has not been prepared. However, defendant's trial counsel filed a motion for a downward departure

---

[3] The government does not dispute that defendant has exhausted § 3582(c)(1)(A)'s administrative requirement before filing the instant motion. Cf. United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021) ("[T]he threshold requirement in § 3582(c)(1)(A) is non-jurisdictional . . . .").

4

specifically requesting that the court depart below the sentencing guidelines range and thus suggesting that the court impose a lower sentence on the Hobbs Act robbery counts—the only counts which had a specified guidelines range. (See DE # 58.) So, defense counsel certainly made the court aware of its ability to impose a lower sentence on those counts.

Thirdly, defendant argues that his release is justified due to the overly punitive conditions he has endured during the COVID-19-related prison lockdowns and restrictions over the past two years. (See Mot., DE # 162, at 7-9.) "[S]ome courts have considered the unexpected harshness of prisoners' sentences due to COVID-related lockdowns in finding extraordinary and compelling reasons for release." United States v. Bryant, No. 3:04-CR-00047-01, 2022 WL 1094731, at *4 (W.D. Va. Apr. 12, 2022) (citation omitted); see also United States v. Kibble, 992 F.3d 326, 335 (4th Cir.) (Gregory, J., concurring) ("A day in prison under the current conditions is a qualitatively different type of punishment than one day in prison used to be."), cert. denied, 142 S. Ct. 383 (2021). The operations at FCI McDowell, where defendant is incarcerated, have returned to relatively normal, see BOP, Modified Operational Levels, https://www.bop.gov/coronavirus/ (last visited Apr. 18, 2022) (showing FCI McDowell as a Level 1 facility); BOP, COVID-19 Modified Operations Plan & Matrix, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited Apr. 18, 2022) (identifying Level 1 facilities as operating normally in inmate programming and services other than the requirement of face covering for visitation and transportation).

Fourth, defendant relies on the risks associated with the COVID-19 pandemic. He states that Covid-19 presents grave risk to his father, whose age and medical conditions make him more likely to get very sick from the virus. (See Mot., DE # 162, at 9.) See also Centers for Disease Control and Prevention, People with Certain Medical Conditions,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 14, 2022). Defendant fears he will the miss the opportunity of being with his father again, should his father contract COVID-19 and die. (See Mot., DE # 162, at 9.) Also, defendant claims that he himself has experienced stress and anxiety "due to the harsh conditions of confinement brought on by the Pandemic." (Id.)

Finally, defendant argues the § 3553(a) factors in totality weigh strongly in his favor. (Id. at 10-11.) When the court considered the applicable factors in conjunction with defendant's initial § 3582(c)(1)(A)(i) motion, the court recognized,

> Four months before committing the instant offenses, defendant had committed one prior felony, a drug trafficking offense. His prior criminal record consisted of that felony and three misdemeanors, all committed in a span of five months. The instant offenses were very serious: defendant, who was armed with a sawed-off firearm, engaged in multiple robberies. Since defendant's incarceration ten years ago, the BOP has sanctioned him for 14 prohibited acts, the last of which was two years ago. He has taken numerous courses. He appears to accept responsibility for his actions and seems genuine in his desire to positively change his life.

(12/22/20 Order, DE # 130, at 5 (citations omitted).) The court also recognized that prior to the instant offenses, defendant "had never been required to serve a term of imprisonment," and "[h]e was 21 years old when he committed the instant offenses and engaged in related conduct over the course of five days." (Id. at 4 (citations omitted).)

Now, defendant requests that the court consider additional information. Regarding the instant offenses, none of the victims were injured. (Mot., DE # 162, at 11; see also PSR, DE # 59, ¶ 12.) Defendant has served the majority of his recently reduced sentence of imprisonment, (Mot., DE # 162, at 12), with a projected release date (including good time credit) in about four-and-one-half years, (Resp., DE # 164-1). He argues that his 41-month sentence on the Hobbs Act robbery counts is unwarrantedly disparate compared to the one-day sentences imposed for the same offense in other cases. (See Mot., DE # 162, at 16.)

Defendant is an Iraq War veteran. (Id. at 11.) He is 32 years old and has taken cognitive behavioral therapy type classes, both of which reduce his risk of recidivism. (Id. at 14-15.) He is currently taking self-study courses in several subjects to assist him in becoming a business owner. (Id. at 17.) He serves as a GED teacher's assistant and an inmate companion on the Suicide Watch Cadre. (Id.)

Upon release, defendant plans to work in a leadership role in his mother's cleaning business. (Id. at 18.) Also, he intends to take a second job to allow him to pay faster the restitution he owes. (Id. at 16-17.) He "has strong family and community support." (Id. at 18.)

Considering all these circumstances, the court concludes defendant has not shown extraordinary and compelling reasons to warrant, nor that the applicable § 3553(a) factors weigh in favor of, further reducing his sentence. A term of imprisonment of 221 months continues to satisfy the purposes of sentencing, in particular reflecting the seriousness of the offenses and providing just punishment. Defendant's motion is DENIED.

This 19 April 2022.

_____
W. Earl Britt
Senior U.S. District Judge